Filed 12/23/22  P. v. Youmans CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094440 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F03501) |
| v. | |
| ANTONIO PEREZ YOUMANS, | |
| Defendant and Appellant. | |

Pursuant to Welfare and Institutions Code[1] section 6604, the trial court found defendant Antonio Perez Youmans to be a sexually violent predator and committed him to the custody of the State Department of State Hospitals for appropriate treatment.  On appeal, defendant argues the trial court failed to sufficiently consider how his plan for voluntary treatment could reduce his likelihood of reoffending once released from custody.  Finding no error, we affirm.

---

[1]      Undesignated statutory references are to the Welfare and Institutions Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2000, defendant pled guilty to three counts of using force or duress to commit a lewd or lascivious act on a child under the age of 14 years and one count of committing a lewd or lascivious act on a child under the age of 14 years. The trial court sentenced defendant to a stipulated term of 20 years in prison.

In January 2018, the prosecution filed a petition pursuant to section 6601 to have defendant committed to the State Department of State Hospitals as a sexually violent predator for appropriate treatment and confinement. At the trial on this petition, the prosecution presented testimony from two psychologists. Defendant presented testimony from his own psychologist and from a friend who had agreed to help defendant reintegrate into society upon his release.

All three psychologists diagnosed defendant with pedophilic disorder. The prosecution's psychologists both expressed the opinion that defendant fit the statutory requirements for commitment as a sexually violent predator because his mental disorder "makes [him] a danger to the health and safety of others in that it is likely that he . . . will engage in sexually violent predatory criminal behavior." (§ 6600, subd. (a)(1).) Defendant's psychologist disputed these opinions.

All three psychologists scored defendant as a three on the Static-99R test, which corresponds with an average risk of sexual offending. The prosecution's experts considered defendant to be a "high-risk/high-needs" offender because he had significantly more external and idiosyncratic risk factors not covered by the Static-99R test than the typical sex offender. These risk factors included the high number of victims of defendant's sex offenses; the young age of some of the victims; emotional congruence with children; lack of emotionally intimate relationships with adults; self-regulation problems; resistance to rules and supervision; health issues; childhood behavior problems, including a juvenile sex offense; continued dysfunctional coping; and adverse childhood experiences, including suffering childhood sexual abuse.

2

Both of the prosecution's experts also considered whether any protective factors would decrease defendant's risk of reoffending upon release. They concluded defendant had not completed a sex offender treatment program, had not successfully spent time out of custody since the offense, was not sufficiently old or infirm to further decrease his risk, and did not have a viable plan for voluntary treatment outside of custody. Based on the combination of the Static-99R score, the external and idiosyncratic risk factors, and the lack of protective factors, the prosecution's psychologists expressed the opinion that defendant was likely to reoffend by engaging in sexually violent predatory criminal behavior if released from custody, with one estimating defendant had a 25 percent chance of reoffending in his lifetime.

Defendant's psychologist disagreed with these assessments. Instead, he conveyed his opinions that defendant should not be considered a "high-risk/high-needs" offender and defendant's release plan would have a protective effect, so defendant was not likely to reoffend by engaging in sexually violent predatory criminal behavior if released from custody.

The trial court found beyond a reasonable doubt that defendant was a sexually violent predator as defined in section 6600, subdivision (a) and granted the petition to commit defendant to the State Department of State Hospitals for appropriate treatment.

DISCUSSION

Defendant argues the trial court failed to give "the consideration the law required" to his plan for voluntary treatment in the community in finding defendant's mental disorder "makes him a danger to the health and safety of others in that it is likely he will engage in sexually violent predatory criminal behavior." (See § 6600, subd. (a)(1).) Defendant fails to identify a standard of review applicable to this alleged error. His argument lacks merit under any standard.

Section 6600, subdivision (a)(1) defines a sexually violent predator as "a person who has been convicted of a sexually violent offense against one or more victims and

3

who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (See *People v. Superior Court* (*Smith*) (2018) 6 Cal.5th 457, 462.) The parties agree defendant meets the first two elements of this definition and only dispute the third.

Whether a person is likely to reoffend and therefore poses a danger to the health and safety of others is a question of fact to which we apply the substantial evidence standard of review. (*In re White* (2020) 9 Cal.5th 455, 465.) " 'Thus, this court must review the entire record in the light most favorable to the judgment to determine whether substantial evidence supports the determination below. [Citation.] To be substantial, the evidence must be " 'of ponderable legal significance . . . reasonable in nature, credible and of solid value.' " ' " (*People v. McCloud* (2013) 213 Cal.App.4th 1076, 1088.)

Defendant downplays the testimony of the prosecution's experts, but one prosecution expert, Dr. Sean Sterling, testified defendant's plan to voluntarily obtain treatment was "not a viable plan." The other prosecution expert, Dr. Christopher Simonet, testified defendant would most likely stop voluntary treatment if asked by treatment providers to do something emotionally difficult. Dr. Simonet further specified defendant lacked the skills, support, and relationships he would need to avoid reoffending outside of custody. This is substantial evidence to support the trial court's finding that defendant is likely to reoffend outside of custody despite his plan to voluntarily obtain treatment.

To the extent defendant argues the trial court insufficiently considered his plan for voluntary treatment, thereby abusing or failing to exercise its discretion, we reject this argument. As the trier of fact, the trial court could properly reject opinion testimony about the effect of voluntary treatment on defendant's likelihood of reoffending, so long as it did not do so arbitrarily or without any rational reason. (See *People v. Sanchez* (2016) 63 Cal.4th 665, 675; *Beck Development Co. v. Southern Pacific Transportation*

4

*Co.* (1996) 44 Cal.App.4th 1160, 1206, fn. 27.) Defendant does not argue or point to any evidence that the trial court arbitrarily or irrationally rejected evidence.

Contrary to defendant's assertion, the court's order contains an entire section titled "Youmans lacks adequate release plans," that addresses defendant's plan for voluntary treatment, citing the testimony of the prosecution's experts. The trial court also directly questioned defendant's expert about whether voluntary treatment would reduce defendant's likelihood of reoffending and what would happen if defendant ceased voluntary treatment. Similarly, the trial court confirmed defendant would be released without any treatment conditions if the court denied the petition.

"On appeal, we assume a judgment is correct and the defendant bears the burden of demonstrating otherwise." (*People v. Thompson* (2016) 1 Cal.5th 1043, 1097, fn. 11.) Defendant has failed to demonstrate any error in the judgment.

DISPOSITION

The judgment is affirmed.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Hoch, J.

/s/_____
Earl, J.

5